UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALBERT ZEH, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 1:20-cv-00455 |
| | ) |
| TRUIST BANK | ) |
| and | ) |
| TRUIST FINANCIAL CORP. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### NATURE OF THE ACTION

1. This action states a claim against the Defendants for age discrimination pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §623, et seq, and specifically the creation and maintenance of a hostile and discriminatory working environment and constructive termination.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1331 as it asserts a claim that arises under the constitution, laws or treaties of the United States.

3. Plaintiff was located at a McLean, Virginia office of Defendants and the unlawful employment practices described herein were committed within the Commonwealth of Virginia. Accordingly, venue is proper pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff, Albert Zeh ("Mr. Zeh"), is a citizen of the United States and a resident of the Commonwealth of Virginia. Mr. Zeh was employed by Branch Banking and Trust Company.

5. Branch Banking and Trust ("BB&T") merged with SunTrust Bank to form Defendant, Truist Financial Corporation ("TFC"). Pursuant to SEC Form 8-K filed by BB&T, it was the "surviving corporation." TFC is a North Carolina Corporation. TFC is not registered to do business in the Commonwealth, but has substantial and systematic contacts with Virginia.

6. BB&T, as a bank, is now doing business as Truist Bank. Defendant, Truist Bank, is a North Carolina corporation registered to do business and in good standing in the Commonwealth of Virginia. Truist Bank maintains offices and branches in Northern Virginia and throughout the Commonwealth.

7. At all times relevant to this action, BB&T was the "employer" of plaintiff within the meaning of 29 U.S.C. § 630(b).

## PROCEDURAL STATUS

8. Mr. Zeh filed a Charge of Discrimination against BB&T with the United States Equal Employment Opportunity Commission ("EEOC"). That charge alleged unlawful discrimination on the basis of age. The EEOC issued a Notice of Right to Sue on January 24, 2020.

## BACKGROUND

9. Mr. Zeh was born in 1948 and was 68 at the time he filed his charge of discrimination.

10. Mr. Zeh worked in banking for over 48 years with a focus on small business development. As a result of various mergers and acquisitions, he became a BB&T employee in 2002.

11. In 2012, M. Zeh was transferred into the position of Small Business Specialist, where he was a part of BB&T's Greater Washington Region ("GWR"). Mark Menkis was his supervisor.

12. Throughout the time he worked under Mr. Menkis, Mr. Zeh was consistently harassed and singled out in staff meetings and repeatedly criticized in the presence of his co-workers. While younger employees were given assistance, Mr. Zeh was ridiculed when he had issues with the new computer system and the Sales Force software.

13. All of Mr. Zeh's coworkers in the GWR were younger than 43. None of them were subjected to similar harassment or ridicule.

14. For 2013 and 2014, Mr. Zeh received good evaluations.

15. In March 2015, Mr. Zeh received an $11,000 performance bonus and a salary increase effective April 2015.

16. In June 2015, however, Mr. Menkis told Mr. Zeh that his production numbers were too low and that if his revenue was not at the 80% level by September 30, 2015, he would be placed on a Performance Improvement Plan ("PIP").

17. Mr. Zeh's colleagues - again, all younger - were not held to the same standards.

18. Within the GWR unit, each employee, including Mr. Menkis, were given goals and objectives. No one within the unit was held to or met the 80% standard that was imposed on Mr. Zeh.

19. Mr. Zeh was placed on a 90 day PIP in October 2015.

20. In December 2015, Mr. Zeh was told that he would be terminated from his position.

21. Ultimately, Mr. Zeh was forced to retire under threat of termination. His retirement was effective April 1, 2016.

22. After Mr. Zeh was forced out, his accounts were assigned to younger employees.

23. At the time of his forced retirement, all of Mr. Zeh 's colleagues and managers in the GWR were significantly younger. Although all of the other employees in the GWR had numbers which were below the 80% mark, Mr. Zeh was the only employee in the GWR to be forced out of his employment.

## COUNT I

### Discrimination in the Course of Employment in Violation of the Age Discrimination in Employment Act

24. The foregoing allegations are incorporated herein as if specifically realleged.

25. BB&T, through its supervisory employees, agents and managers, knowingly and willfully discriminated against Mr. Zeh on account of his age during the course of his employment.

26. Mr. Zeh's age was a determining factor in BB&T's conduct and the decision to end his employment and force Mr. Zeh's retirement.

27. This discrimination was with respect to Mr. Zeh' terms, conditions and privileges of employment, and constituted a violation of the Age Discrimination in Employment Act, as amended. 29 U.S.C. 623, et seq.

28. BB&T's conduct was actuated by malice and reckless indifference to Mr. Zeh's federally protected rights under the ADEA.

29. As a direct and proximate result of this discrimination, Mr. Zeh suffered and continues to suffer injury including past and future loss of income and employment benefits, other past and future pecuniary losses and other injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Albert Zeh, prays that this Court enter judgment in his favor and against the Defendants on the above counts, and further award him the following relief:

A. Damages for back pay and interest on those amounts (pre-judgment and post-judgment) as well as front pay, in amounts to be determined at trial;

B. Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him as a result of the discrimination against him on the basis of his age pursuant to 29 U.S.C. §626(b);

C. Attorney fees and costs in this action, including expert fees; and

D. Other such relief as may be appropriate to effectuate the purposes of the ADEA.

## JURY DEMAND

Plaintiff, Albert Zeh, demands a trial by jury.

Dated: April 23, 2020 Respectfully submitted,

ALBERT ZEH

_____/s/_____
Marni E. Byrum, VSB #19190
McQuade Byrum PLLC
602 N. Columbus Street
Alexandria, Virginia 22314
Phone: (703) 548-4200
Fax: (703) 548-4647
Email: mebyrum@mcquadebyrum.com
Counsel for Plaintiff