UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ALBERT ZEH,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**TRUIST BANK and**<br>**TRUIST FINANCIAL CORP.,**<br><br>    **Defendants.** | Case No. 1:20-cv-00455-TSE-IDD |

**ANSWER**

Defendants Truist Bank and Truist Financial Corp., by and through counsel, submit this Answer to Plaintiff Albert Zeh's Complaint:

1. Paragraph 1 of the Complaint consists of a legal conclusion, which requires neither admission nor denial by Defendants. To the extent, however, such allegations imply that Defendants are liable to Plaintiff in any way, said allegations are denied.

2. Defendants admit that this Court has jurisdiction over this matter.

3. Defendants admit that venue in this Court is proper. Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit that Plaintiff was employed by Branch Banking and Trust Company and admit the remaining allegations contained in Paragraph 4 of the Complaint, upon information and belief.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit so much of Paragraph 7 of the Complaint as alleges or can be constructed to allege that Branch Banking and Trust Company (hereinafter referred to as "BB&T") was Plaintiff's employer.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit so much of Paragraph 10 of the Complaint as alleges or can be construed to allege that Plaintiff became a BB&T employee in 2002. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 10 of the Complaint and therefore deny the same.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit so much of Paragraph 16 of the Complaint as alleges or can be construed to allege that Plaintiff's production numbers were too low and that, in or around the summer of 2015, he was told that if he failed to improve he would be placed on a Performance Improvement Plan ("PIP"). Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit so much of Paragraph 18 of the Complaint as alleges or can be construed to allege that employees are provided goals and objectives. Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny so much of Paragraph 21 of the Complaint as alleges or can be construed to allege that Plaintiff's retirement was effective April 1, 2016. Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants incorporate their answers and defenses contained in Paragraphs 1 through 23 as if fully set forth herein.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny that there is any genuine issue of material fact for a jury to decide. Defendants also deny that Plaintiff is entitled to the relief listed in his Prayer for Relief. To the extent that Plaintiff's Jury Demand or Prayer for Relief includes any factual allegations, Defendants deny those allegations.

31. Defendants deny any and all allegations in the Complaint, express or implied, that they did not specifically and expressly admit in this Answer.

## **Affirmative Defenses**

Having fully responded to the Complaint, Defendants state the following defenses:

## First Defense

Some or all of the Complaint fails to state a claim upon which relief can be granted.

## Second Defense

Plaintiff's claims are barred by the applicable statute(s) of limitations to the extent that those claims are predicated in whole or in part upon events occurring outside the relevant period(s) of limitations.

## Third Defense

Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in his Complaint and any damages which he allegedly suffered.

## Fourth Defense

Plaintiff was, at all material times, an at-will employee of BB&T and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

## Fifth Defense

Plaintiff has not suffered any legally cognizable damage.

## Sixth Defense

Plaintiff is estopped from claiming damages associated with the termination of his employment because he voluntarily resigned.

## Seventh Defense

Any amount which Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by

Plaintiff.  Plaintiff further must mitigate all damages and to the extent Plaintiff has failed to do so, Plaintiff's damage claims must be reduced.

### Eighth Defense

Plaintiff's damages, if any, should be reduced to the extent of any collateral source payments or recoveries attributable to Plaintiff's alleged damages.

### Ninth Defense

Plaintiff has failed to exhaust his administrative remedies with regard to some or all of his claims or allegations because the claims or allegations are beyond the scope of his underlying EEOC charge.

### Tenth Defense

Any and all actions taken by BB&T affecting Plaintiff were taken for reasons other than Plaintiff's age.

### Eleventh Defense

Plaintiff is not entitled to liquidated damages, because BB&T was at all times acting in good faith and had reasonable grounds for believing that its actions were not in violation of the Age Discrimination in Employment Act.

### Twelfth Defense

Defendant Truist Financial Corp. is not a proper party to this lawsuit and cannot be held liable for the acts of BB&T, because it was not Plaintiff's employer nor a successor-in-interest of Plaintiff's employer.

### Reservation of Defenses

Defendants reserve the right to assert such additional defenses as may become apparent during the course of discovery.

**Defendants' Prayer for Relief**

Having fully answered the Complaint and asserted their Defenses, Defendants seek the following relief:

1. That Plaintiff's requested relief be denied in its entirety;

2. That a final and binding judgment be entered in favor of Defendants, dismissing all claims asserted in the Complaint;

3. That Defendants be awarded their costs and fees; and

4. That all other just and proper relief be awarded to Defendants.

Respectfully submitted this 26th day of May, 2020,

    Constangy, Brooks, Smith & Prophete, LLP

    /s/ Maureen R. Knight
    Maureen R. Knight, VSB 47053
    mknight@constangy.com
    Andrew M. Witko, VSB 88114
    awitko@constangy.com
    12500 Fair Lakes Circle, Suite 300
    Fairfax, Virginia 22033
    Telephone: (571) 522-6100
    Facsimile: (571) 522-6101

    **Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I certify that on May 26, 2020, I electronically filed the foregoing **Answer** with the Clerk of Court using the CM/ECF system, which sent notification to the following:

> Marni E. Byrum, Esquire
> McQuade Byrum PLLC
> 602 N. Columbus Street
> Alexandria, VA 22314

> /s/ Maureen R. Knight
> Maureen R. Knight, VSB 47053
> Constangy, Brooks, Smith & Prophete, LLP
> mknight@constangy.com
> 12500 Fair Lakes Circle, Suite 300
> Fairfax, Virginia 22033
> Telephone: (571) 522-6106
> Facsimile: (571) 522-6101
>
> **Attorney for Defendants**

6717081v.1